L. W. RHONE,

*v.*

S. C. GALE, *et al.*

In the absence of any evidence to the contrary, where a written lease is to take effect *in praesenti*, and possession under the lease is averred, the *prima facie* presumption is, that both the instrument, and possession of the premises, were delivered on the day of the date of the lease.

Where ownership of leased premises at the date of the lease is averred, it will be presumed to continue until the contrary is affirmatively shown.

As rent, and as one of the conditions of a lease, and in consideration thereof, certain lessees, appellants in this action, agreed to procure for the benefit of the lessor, an insurance on the leased premises, being a building, and to keep the same insured during the term, said insurance to be effected as soon as April 18, 1865 ; the premises were destroyed by fire April 20, 1865, *Held :* that the insurance thus provided for, was an insurance against loss by fire.

*Held :* also, that the neglect of the lessees to insure as soon as April 18th, did not relieve them from the duty of insuring the building after that time, and keeping it insured according to the agreement.

Rhone v. Gale et al.

This action was brought in the District Court for Hennepin County. The plaintiff being the owner of a certain wooden building, leased the same for the term of two and one-half years to the defendants, on the 15th day of April, 1865, to commence on that day, and defendants took possession under the lease; as one of the conditions of the lease, and in consideration thereof, the defendants agreed to procure an insurance thereon for the benefit of the plaintiff for $700, in some responsible company, as soon as April 18, 1865, and to keep the same insured during their term. The defendants failed to insure the building, and on the 20th April, 1865, the building was destroyed by fire. The plaintiff seeks in this action to recover damages to the amount of the insurance, to-wit: $700. The defendants demurred to the complaint, and the demurrer was overruled, and from the order overruling the same, the defendants appeal to this Court. The allegations of the complaint sufficiently appear in the opinion of the Court.

S. C. Gale, for Appellants.

I.—The complaint does not show that plaintiff had any interest in the property in question at the time of its alleged destruction.

II.—The complaint does not show that plaintiff had an insurable interest in the property, at any time during the three days within which, it is alleged, the defendants were to procure the insurance.

III.—By the terms of the lease possession was to be given on the 15th of April. 7 *Hill*, 90; 4 *Selden*, 115; 5 *Barbour*, 605. Defendants had until the 18th inclusive, to procure the insurance. The giving possession was the entire consideration for the promise to insure, and was to happen before the time to insure, and was, therefore, a *condition precedent* to re-

quiring the insurance. 2 *Parsons on Contracts* (5th *Ed.,*) 529 *and notes;* 2 *Smith's Leading Cases*, 22; 5 *Barbour*, 601. The giving or tender of possession, therefore, by the plaintiff *before the* 18th, should have been fully and distinctly averred. 23 *Barbour*, 575. The only averment on this point in the complaint is, that defendant took possession under the lease, and this averment is insufficient.

IV.—The complaint does not show that the defendants agreed to procure insurance against loss by fire.

V.—The failure to insure was in no degree the cause of the destruction of the property; but if defendants had procured the insurance, the recovery of the sum insured of the insurance company would have depended upon the continued integrity and solvency of the company, and also upon the careful observance by plaintiff of the usual conditions upon which insurance is held; this character on the part of the company, and conduct on the part of the plaintiff, it is not claimed that defendants guaranteed; therefore the sum to be insured is not the proper measure of damages for breach of the agreement to procure insurance. *Parsons on Contracts*, (5th *Ed.,*) 178, *and following, with notes and cases cited;* *Sedgwick on Damages, chap.* 3d.

VI.—Plaintiff was present and had full and continual knowledge of defendants' alleged neglect to procure insurance, and cannot hold defendants for the consequences of non-insurance, when he himself might have procured the insurance by proper care and diligence. 3 *Parsons on Contracts*, 181, *and cases cited;* *Sedgwick on Damages*, 98; 9 *Minn.*, 265.

WILSON and McNAIR, for Respondent.

I.—The plaintiff having been alleged to be the owner of the

property at the commencement of the lease, must, as between the parties thereto, be presumed such owner during the pendency of the lease. *Taylor's Land. and Ten.*, 47 ; 7 *Cowen*, 717 ; 2 *Phil. Ev., 2d Ed.*, 276.

II.—The complaint alleges that possession of the property was taken by the defendants ; such taking must also be presumed from the allegations of the execution of the lease.

III.—Possession is not necessary to create a liability for rent. 6 *Abbott's N. Y. Dig.*, 352 ; 31 *Barb.*, 345.

IV.—Technical terms must be understood in their ordinary sense, and an agreement to insure a wooden building, must be construed an insurance against fire, if less than a general insurance.

V.—The action is not brought for the burning of the building, but for plaintiff's damages occasioned by the failure of defendants to fulfil their contract to procure an insurance. A contract to procure insurance is legal and binding, and the measure of damages for the breach of such contract, the actual loss of the party to be insured, to the amount of the policy covenanted to be procured. *Story on Cont.*, 152 ; 3 *Abbott's N. Y. Dig.* 668 and cases there cited ; *Sedgwick on Damages*, 195 ; *Ib.* 209, *note 3d ; Ib.* 258.

VI.—The complaint shows facts which must raise the presumption that plaintiff was free from any negligence with regard to insuring.

VII.—Defendants cannot claim exemption from furnishing the insurance, because the building was destroyed before the end of their term ; for the procuring of it was part of the rent, and due on the 18th, and defendants being in possession until the 20th, were in default, and would have been liable for the rent, even if ejected by the landlord for such default. 6 *Hill*, 507 ; 4 *Com.* 270 ; 1 *Duer*, 266 ; *Cushingham vs. Phillips*, 1 *E. D. Smith's Rep.*, 416.

VIII.—Defendants having so received the consideration for procuring the insurance on the 18th, they are liable to plaintiff for the amount that such policy would have been worth to him, if so furnished. *Sedgwick on Damages*, 260, 261.

*By the Court*—McMillan, J.—The complaint in this action distinctly avers that on the 15th of April, 1865, the plaintiff was the owner of a certain wooden building, the locality of which is stated, and the mode of acquiring title by the plaintiff; that on that day he leased the two lower front rooms of the building to defendants, by a written lease duly executed bearing date the 15th of April, 1865, for the term of two years and a half, commencing at said 15th of April, 1865, &c., and that said lease was duly delivered to said defendants, and they took possession of said leased premises thereunder. This is a sufficient averment of the delivery of the lease and possession of the premises on the 15th of April. In the absence of any evidence to the contrary, where a written lease is to take effect *in praesenti*, and possession under the lease is averred, the *prima facie* presumption is that both the instrument and possession of the premises were delivered on the day of the date of the lease. There is a distinct averment of ownership of the building by the plaintiff at the date of the lease, which will be presumed to continue until the contrary is affirmatively shown. The complaint also avers that the defendants as rent of the premises, and as one of the conditions of said lease, and in consideration thereof, by and in said lease were to, and agreed to procure for the benefit of the plaintiff, an insurance of seven hundred dollars on the building, in which said rooms were situated, and to keep the same so insured during the term of said lease, said insurance by the terms of said written lease to be effected as soon as the 18th day of April, 1865, in a respectable and responsible company. It would seem to be

Rhone v. Gale et al.

hypercritical to give a construction to this language which would exclude an insurance against loss by fire, or declare it too uncertain to be enforced for any purpose. If the agreement of the defendants had been only to *effect* an insurance on the premises by the 18th of April, 1865, there might be force in the objection that the defendants were not liable under this agreement for a loss occuring by the destruction of the building on the 20th of April, since, notwithstanding the defendants' breach of their agreement, the plaintiff might have secured the insurance himself. But here the agreement is to procure an insurance on the building, and *keep it insured* during the term of said lease. The neglect of the defendants to insure as soon as the 18th of April, did not relieve them from the duty of insuring the building after that time, and keeping it insured according to the agreement. It was their duty under this agreement to do whatever was necessary to be done, at any time during the term, to keep the premises insured, and the plaintiff had a right to rely upon their performance. The proper measure of damages in the case is a question which will be properly determined hereafter.

The order overruling the demurrer is affirmed.