(35 App. Div. 589.)

## MILLER v. LEO.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

CONTRACT—ENTIRE OR SEVERABLE—CONSTRUCTION.

A contract consisting of a letter from defendant to plaintiff inquiring the price of brick, lime, and cement to be used in certain proposed buildings, a letter from plaintiff to defendant quoting the price of each article, and a reply accepting plaintiff's proposal to deliver "necessary brick. lime, and cement which I may require," is not severable, but binds the plaintiff to deliver, and defendant to receive, all of the brick, lime, and cement to be used in the buildings.

Appeal from special term, New York county.

Action by Clifford L. Miller against John P. Leo to foreclose a mechanic's lien. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Jacob F. Miller, for appellant.
Rudolf Dulon, for respondent.

RUMSEY, J. The action was brought to foreclose a mechanic's lien. The defendant set up a counterclaim, upon which he had judgment, and the appeal is taken from that judgment.

It appears that the plaintiff was engaged in the business of selling brick, and other building materials of that nature, including lime and cement. The defendant was the owner of certain premises situate in the city of New York. On the 29th of December, 1897, the defendant wrote to the plaintiff, stating, in substance, that he should require at 791 9th avenue, near 53d street, about 250,000 brick, together with lime, cement, etc., and should also require at 152d street about 450,000 brick, together with cement, lime, etc. The letter then continued:

"Please quote me figures of what you can do; the entire amount to be delivered on or before December 1st."

To that letter the plaintiff replied as follows:

"In answer to your inquiry for material delivered at 53rd street and Ninth avenue, and 152nd street, east of Tenth avenue, would quote you as follows for both jobs: First-class up-river Hd. brick, 5.25 per M.; gilt-edge stock, 5.50 per M.; Rosendale cement, 85 cts. per bbl.; lime, 85 cts. per bbl. I can warrant the 5.25 brick as being fine stock."

In reply the defendant sent the following:

"I accept your proposal to deliver to me necessary brick, lime, and cement which I may require at my two jobs, one on 9th Ave., near 53rd St., and one on 152nd St., E. of 10th Ave., as follows: Terry Bros. brick, 5.25 per M.; Rosendale cement, lime, 85 cts. bbl. The material to be paid for as we may arrange later."

And the correspondence was finally closed by a letter from the plaintiff to the defendant as follows:

"Your acceptance of my figures for materials delivered to your two jobs, 152nd street, east of 10th avenue, and Ninth avenue, near 53rd street, at hand, for which accept my thanks. I shall be pleased to extend you the same terms at which you have always bought of me."

After the making of this contract the plaintiff delivered to the defendant brick and cement, the value of which, at the prices stated in the contract, was $355.80. The defendant bought no lime of the plaintiff, but, instead, he bought from others mortar already mixed. He, however, ordered 40,000 brick of the plaintiff, after he had determined to buy no lime; but, upon receiving the order, the plaintiff refused to deliver the brick, unless the defendant would also order from him such lime as he needed upon the buildings then in process of construction. The defendant refused to purchase the lime, and bought elsewhere such brick as he needed upon the two buildings, at a considerably greater price than he had agreed to pay the plaintiff for them. The plaintiff filed a lien upon the premises for the sum of $355.80, being the price of the material which he had delivered; and in the action to foreclose the lien the defendant set up as a counterclaim the damages sustained by him because he was compelled to pay an enhanced price for the brick on account of the refusal of the plaintiff to deliver them.

That there was a contract by which the plaintiff was bound to furnish to the defendant whatever of these materials were ordered, up to the amount specified in the contract, cannot be denied. The defendant bases his counterclaim upon the existence of such a contract, and the plaintiff admits it. The question then is as to the proper construction of that contract. The defendant insists that it is severable, and that he was bound to order only so much as he saw fit of any of the articles, or only one or two articles, and not all of them. The plaintiff, however, claims that the defendant was bound to order whatever of those articles were used in laying the brick upon these two buildings. Was this contract an entire contract, by which the defendant was bound to order from the plaintiff, and the plaintiff bound to deliver to the defendant, all the brick, all the cement, and all the lime required for use in those buildings? The question must be determined from an examination of the letters by which the contract was made, in view of the situation of affairs at the time they were written. The proposition of the plaintiff to furnish the material was

based upon a letter from the defendant in which he stated that he should require in the two buildings about 700,000 brick, with lime, cement, etc. When that proposition was made, the plaintiff had a right to assume that he was asked the price at which all of those materials would be furnished; otherwise, a statement of the amount to be required would have been entirely superfluous. When he was told that a certain amount would be required, he clearly had a right to infer that he was asked to give the prices at which he would furnish all the material mentioned in the letter. The answer which he made clearly recognizes such a condition, and the proposition is made for material delivered at both jobs. The acceptance of the proposition by which the contract was completed is still more definite, as an acknowledgment that it includes all the material of the nature mentioned that was to be used in both buildings. It is accepted as a proposal to deliver the necessary brick, lime, and cement which Leo may require at the two jobs specified in the letter; and the final letter of Miller, which was put in evidence by the defendant, speaks of the acceptance for material delivered at the two jobs. If this contract had been formally drawn out, it would have appeared in the shape of an agreement by Miller to deliver to Leo all the necessary material required for use in the erection of the two buildings mentioned in the letter, at the prices specified therein, and an agreement on the part of Leo to pay these prices for the material furnished. Undoubtedly, Miller was bound to deliver whatever material of the kind mentioned was necessary in the construction of those buildings. But Leo claims that the contract was confined to such material as he might require, and he construes the word "require" as equivalent to "ask for," and as referring only to such material as he might ask to be delivered. In our judgment, that is not a proper construction of the word as used in this contract. The plain meaning of it is that the delivery was to be of all the material necessary to complete the buildings, and that was what Miller was bound to deliver; and it is equally clear, in our judgment, that that was what he was entitled to have demanded. It was either a contract, which bound both parties in its entirety, or it was a mere proposal, which bound neither. Either Miller was bound to deliver all the material of that nature necessary to be used upon those buildings, or he was bound to deliver none, and was at liberty to stop whenever he saw fit. If he was bound to deliver all the material, it is clear that there must have been a corresponding obligation on the part of Leo to order from Miller the material which Miller was bound to furnish. The word "require," here, must be construed in view of that reciprocal obligation; and, thus construed, it seems plain that the contract not only bound Miller to furnish whatever brick, lime, and cement were necessary to finish the buildings, but it bound Leo reciprocally to order all those things from him. Therefore, when Leo refused to order the lime from Miller, he had violated the contract; and, so far as Miller was concerned, he was not in fault for refusing to deliver any more brick.

The conclusion of the learned court below that the contract was a severable one, and that while Miller was required to deliver all the material used upon those buildings, if he was asked to do so, Leo,

on the contrary, was not bound to take them, is erroneous.  For this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action.  All concur.

