(86 App. Div. 202.)

### READY v. J. L. FULTON CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. SALE—CONTRACT—CONSTRUCTION—AMOUNT SELLER MAY DELIVER.

    Plaintiff agreed to furnish, and defendant to buy, not less than 5,000 and not more than 8,000 yards of stone, it to include all stone required for a bridge, defendant to give three weeks' notice for the extra amount if more than 5,000 yards were required. *Held* in an action for damages, defendant, after receiving less than 5,000 yards, having, on the claim that the stone was not up to contract, refused to receive more, that plaintiff had the right to deliver 8,000 yards.

Appeal from Trial Term, Erie County.

Action by David Ready against the J. L. Fulton Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

John Cunneen, for appellant.
Charles A. Dolson, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was to recover the purchase price of stone delivered, and damages for refusal to accept other stone under a contract between the parties. The defendant, having entered into an agreement with other parties to construct the abutments and piers of the bridges, and to do other stone work upon the Terminal Railway of Buffalo, made the contract in question with the plaintiff August 2, 1897, wherein it was provided, among other things, as follows:

"Mr. Ready agrees to furnish and the J. L. Fulton Company agrees to buy not less than 5,000 and no more than 8,000 cubic yards of stone from Ready's quarries at Oil City at a price of $3.40 per cubic yard, f. o. b. cars Buffalo, W. N. Y. & P. R. R. delivery; and the stone to include all such stone as may be required for face stone, bridge seats, coping and backing. If more than 5,000 cubic yards are required three weeks' notice is to be given for the extra amount. * * * The specifications for this work permit the use of stone from twelve to thirty inch courses and it is agreed that stone is to be gotten out in as thick courses as possible under these specifications, as it is the essence of this contract to gain this point. Stone is to be well quarried, squared as practicable and all face stone to have beds of at least one and one quarter times their rise. All stone to be acceptable to the engineer, and 4,000 pounds railroad weight shall constitute a cubic yard of stone and be the basis of payment."

Under this contract 2,668 cubic yards of stone were shipped, and then the defendant refused to receive any further stone, and stopped

the shipments. Some payments were made by defendant on account of the stone shipped, and the plaintiff claimed $3,840.56 remained unpaid thereon. The plaintiff also claimed damages for refusal by defendant to accept the balance of the stone up to the full 8,000 cubic yards at $1 per cubic yard, amounting to $5,332. The defendant claimed that the stone delivered were not in accordance with the contract, and that the defendant was entitled to damage upon those delivered, and to refuse to receive any further stone. It also claimed that, in any event, it was not bound to accept stone beyond 5,000 cubic yards. These were the questions litigated upon the trial. There was no dispute as to the quantity of stone shipped and received, or as to the amount of the payments made on account thereof. There was considerable evidence given by the parties as to the stone delivered, and whether they were in accordance with the terms of the contract, and the questions of fact upon this branch of the case were submitted to the jury and passed upon by them. It will be remembered that the contract provided that the stone were to be gotten out in as thick courses as possible up to 30 inches, and that it was the essence of the contract to gain this point. The defendant claimed this provision of the contract was not complied with; that practically all the stone could have been gotten out in substantially 30-inch courses, but were much thinner. The court left this question to the jury, practically charging them that the defendant was entitled to have the stone gotten out in as thick courses as possible up to 30 inches, considering the conditions existing at the quarry and a practical operation of the quarry. This seemed to be satisfactory to the counsel for the defendant at the close of the charge and requests upon the subject. This contract further provided that the stone should be well quarried, squared as practicable, and all face stones should have beds of at least 1¼ times their rise. It was claimed by the defendant that this provision of the contract was not complied with, and considerable evidence was given upon this subject. The question was submitted to the jury under a charge that was apparently satisfactory to the defendant. There was evidence upon these two branches of the case requiring the submission of the questions to the jury. We cannot say the findings of the jury with reference thereto were contrary to the evidence, under the well-settled rules of law relating to the verdict of juries. There were some exceptions to the admission and rejection of evidence bearing upon these questions of fact, but none that are of sufficient importance, even if erroneous, to call for a reversal of the judgment and order.

The findings of the jury upon these two questions of fact were such as to relieve the plaintiff from the claim that he had failed to comply with the terms of the contract, and to entitle him to recover the balance unpaid upon the stone delivered, and his damages for the refusal of the defendant to receive the remaining stone contracted for. They defeated defendant's claim for damages upon the stone delivered and undelivered, and its right to refuse the balance of the stone. The question remained, how many stone had the plaintiff a right to deliver under the contract, 8,000 cubic yards as claimed by him, or only 5,000 cubic yards as claimed by the defendant? The court seemed in doubt as to the proper construction of the contract in this respect when the

trial opened, and allowed parol evidence to be given on the part of the plaintiff to show what the intention of the parties was. All this evidence was rendered immaterial, however, when the court finally charged the jury, as a matter of law, that under the contract the plaintiff had the right to deliver 8,000 cubic yards, and the only question for our determination is whether this charge was correct.

The parol evidence given as bearing upon the construction to be given to the contract cannot be considered here, because it was disregarded by the trial court, and nothing was left to the jury upon this subject. The construction was based upon the language of the contract alone. We are of the opinion that the trial court correctly construed the contract. It evidently was intended to provide for the furnishing and purchase of all the stone required, that is, necessary, for the work to be done, the only limit being from 5,000 to 8,000 cubic yards. See Miller v. Leo, 35 App. Div. 589, 55 N. Y. Supp. 165, affirmed in 165 N. Y. 619, 59 N. E. 1126; Brawley v. U. S., 96 U. S. 171, 24 L. Ed. 622. The plaintiff had a right to deliver, and the defendant to require delivery of, all the stone necessary within the limit specified. The notice required, if more than 5,000 cubic yards were required, was for the protection of the plaintiff. Defendant would know better than plaintiff what the requirements of the work would be as it progressed, and, having to deliver 5 to 10 car loads per day, the plaintiff required the notice so as to know how long he must provide for the continuous supply of stone. If the notice was not given, the defendant could not complain if the stone were not promptly delivered after the 5,000 cubic yards were shipped. The plaintiff had the right to deliver the stone required beyond the 5,000 cubic yards if the notice was not given, but could not be held to as strict delivery as if the notice were so given. We are unable to tell upon what theory the verdict of the jury was rendered. The amount claimed by the plaintiff for the balance unpaid upon the stone actually delivered, 2,668 cubic yards, was $3,840.56. The verdict was $5,977.40. The difference, $2,136.84, must have been allowed for damages for refusal to receive other stone. The plaintiff claimed such damage was $1 per cubic yard. At this rate the allowance of damages would have been upon 2,136.84 cubic yards of stone. This, added to the 2,668 cubic yards actually delivered, would make 4,804.84 cubic yards, or less than 5,000 cubic yards, the lower limit specified in the contract. The verdict in any event seems to have been a reasonable one, and much less than the plaintiff claimed, to wit, $9,172.76.

We conclude the judgment and order should be affirmed, with costs. All concur.