MASSACHUSETTS LINOTYPING CORPORATION *vs.* JULIA EVELYN FIELDING.

Suffolk.    April 6, 1943. — May 25, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Laches. Equity Jurisdiction,* Laches. *Contract,* Rescission. *Corporation,* Ultra vires. *Evidence,* Competency, Of contract.

A finding of laches on the part of the plaintiff in bringing a suit in equity to enforce a constructive trust of proceeds of a life insurance policy, received by the defendant as purported beneficiary with knowledge of the facts on which the plaintiff's cause of action was based, was not required where the suit, without previous claim by the plaintiff upon the defendant, was brought about two months after the plaintiff learned that the defendant had been designated beneficiary of the policy and, although the defendant had spent part of the proceeds before the commencement of the suit, it did not appear that he would have done otherwise had the plaintiff acted sooner.

A contract between a corporation and the insured in a life insurance policy, whereby the corporation was to pay the premiums and the insured was to make it the beneficiary and continue it as such until his death, was not rescinded when the insured, after the corporation had paid premiums for upwards of eleven years, voluntarily resumed payment of the premiums with the assent of the corporation, at the same time repeating to it his promise that it would remain the beneficiary of the policy but then substituting another as beneficiary without its knowledge.

It would not be a defence to a suit by a corporation to enforce a constructive trust in proceeds of a life insurance policy received by the defendant, the beneficiary designated in the policy, that a contract between the corporation and the insured which was the basis of its claim to the proceeds was ultra vires.

Evidence to show the making of a contract with a corporation through conversations with its employees was competent in a suit growing out of the contract where, even if the employees were not authorized to bind the corporation to the contract, there was further evidence that the contract had been ratified by it.

BILL IN EQUITY, filed in the Superior Court on January 17, 1941.

When the case was before this court as reported in 312 Mass. 147, it appeared, among other facts, that, after the plaintiff had paid premiums for upwards of eleven years, the insured formally substituted his wife, the defendant, as beneficiary.

Following the former decision the suit was heard anew by *Forte*, J. Among the judge's findings were the following: "I find that the respondent collected the sum of $4,370 on October 29, 1940. Although she was legally bound to turn over the said sum to the corporation, she honestly believed she was entitled to the said money and in good faith up to January 17, 1941, when the bill of complaint was filed, she expended the sum of $1,870 for personal matters of her own, including some of her late husband's personal obligations. The officers of the petitioning corporation did not learn of the change in the designation of the beneficiary under the policy until November 9, 1940. From said date until January 17, 1941, the corporation, through its officers, did not inform the respondent of its claim to the proceeds of the policy. By such inaction the respondent was strengthened in her belief that she had a right to claim the proceeds as her own. I therefore rule that the petitioner is not entitled to the sum of $1,870 which she expended from the proceeds of the policy, because I find as a fact that the petitioner was guilty of laches." The final decree ordered the defendant to pay the plaintiff $2,500, "being that part of the proceeds of the policy of insurance in question now in her possession," and costs. The defendant alone appealed from the decree.

*J. H. Coakley*, for the defendant.

*H. C. Dunbar*, for the plaintiff.

QUA, J. After the former decision in this case, reported in 312 Mass. 147, there has been a new trial, and the case is here again with a report of evidence and findings showing that the agreement alleged to have been made between the plaintiff and the deceased, William H. Fielding, whereby the plaintiff was to pay the premiums upon the policy of insurance on Fielding's life in consideration of Fielding's

making the plaintiff the beneficiary of the policy and continuing it as such until his death was in fact made and was performed by the plaintiff, and that therefore, in accordance with the law as laid down in our former opinion, the defendant, who is Fielding's widow, received the proceeds of the policy upon his death, not as a purchaser for value without notice, but as a constructive trustee for the plaintiff. From a decree requiring the defendant to pay to the plaintiff the proceeds of the policy received by the defendant, with certain deductions for sums paid by her out of the proceeds before this suit was brought, the defendant appeals.

1. The defendant now contends that the plaintiff is barred by laches. The pertinent facts are these: Before the deceased attempted and purported to make the defendant the beneficiary of the policy in place of the plaintiff, the defendant knew of the agreement between the deceased and the plaintiff through which the plaintiff had acquired its equitable rights in the policy. The defendant collected the proceeds of the policy on October 29, 1940, and honestly believed she was entitled to them. The judge finds that "up to" the time this suit was brought "she expended the sum of $1,870 for personal matters of her own, including some of her late husband's personal obligations." (The record as it comes to us contains no evidence to support this finding, but as the result would be the same in any event, we will assume that there was such evidence.) On November 9, 1940, the plaintiff learned that the defendant had been designated beneficiary under the policy, but did not inform the defendant of its claim to the proceeds until this suit was brought on January 17, 1941. The judge finds that "by such inaction the respondent was strengthened in her belief that she had a right to claim the proceeds as her own."

Laches is an affirmative defence to be proved by the defendant. *Alvord* v. *Bicknell*, 280 Mass. 567, 571. *Jubinville* v. *Jubinville*, 313 Mass. 103, 105. On the evidence and the facts found laches is not proved. The plaintiff brought this suit a little over two months after it learned

that the defendant might have a claim upon the policy. Obviously this short delay was not in itself laches. It is not shown that the delay resulted in any change of position on the part of the defendant. So far as appears the defendant may have made her expenditures out of the insurance money before the plaintiff with the utmost diligence could have brought suit. We cannot discover any duty on the part of the plaintiff to notify the defendant of the plaintiff's claim before the date of bringing suit, since the defendant already knew the facts which charged her with notice of the plaintiff's rights. The defendant believed that the money was hers from the time she received it. Although her belief was "strengthened" by the plaintiff's "inaction," it does not appear that she acted any differently in spending part of the money than she would have acted if her original belief had not been thus "strengthened." Moreover, quite aside from these detailed considerations, we can hardly conceive of the defence of laches in any case for a delay of about two months in suing a trustee to enforce the trust, when the trustee had notice which put him upon inquiry of all the facts out of which the trust arose, and where his only change of position consisted in his having, albeit in good faith, spent part of the fund for his own purposes. See *Stewart* v. *Finkelstone*, 206 Mass. 28, 36; *Fenton* v. *Malfas*, 286 Mass. 339, 342; *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288, 290, 291; *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292, 300, 301; *Ferrone* v. *Rossi*, 311 Mass. 591, 596.

2. The defendant contends that the agreement between the plaintiff and William H. Fielding in relation to the policy was rescinded by mutual agreement in 1938, when, after Fielding had attempted without the knowledge of the plaintiff to substitute the defendant as beneficiary, he resumed payment of the premiums himself with the consent of the plaintiff. But the evidence by no means required, if indeed it would warrant, a finding of rescission, and the judge did not find rescission. There was evidence that Fielding stated that the plaintiff had paid the premiums long enough and volunteered to assume them himself, at the same time re-

peating his promise that the plaintiff would remain the beneficiary. That would not constitute rescission, even if the plaintiff assented.

3. The defendant contends that it was ultra vires the plaintiff, a business corporation, to contract to carry for its own benefit a policy of insurance on the life of its principal executive officer. Without implying that this contention is sound, it may be disposed of on the simple ground that the defendant cannot raise an issue of ultra vires for the purpose of defeating the plaintiff's property rights in the policy for her own private advantage. *Nantasket Beach Steamboat Co.* v. *Shea,* 182 Mass. 147. *Chase* v. *Dickey,* 212 Mass. 555, 560. *Vigeant* v. *Jeanne D'Arc Credit Union,* 271 Mass. 479.

4. The defendant's exceptions to the admission in evidence of talks between William H. Fielding and his three children, tending to show the making of the contract, cannot be sustained. Although these children were not officers of the plaintiff, two of them were stockholders, and all three were employed by it, one of them as bookkeeper. It could have been found that William H. Fielding talked over the proposed contract with his children because they were the only persons other than himself actively engaged in running the plaintiff's business, and even if they were not authorized to bind the plaintiff to a contract, there was ample evidence of the plaintiff's ratification by its payment of the premiums on the policy for many years with the approval of all the directors and in other ways. *Hurley* v. *Ornsteen,* 311 Mass. 477, 480, and cases cited. The evidence was competent.

Since the decree was sufficiently favorable to the defendant, she can take nothing by her appeal. The plaintiff has not appealed.

*Decree affirmed with costs.*