DANIEL HOUGHTON *vs.* ROBERT MOORE.

Suffolk. March 2. — April 1, 1886. W. ALLEN & HOLMES, JJ., absent.

A. owned two lots of land, one fronting on E. Street, and the other adjoining the first in the rear. Both lots were bounded on one side by M. Street. Before A. acquired title, a building had been erected, three stories in height, covering both lots, and having a partition wall, through which there was no passageway, between the two on the line of the two lots. A. took down the partition wall on the first floor, thus making one large room, but did not alter the partition wall above. The entrance to this room, and to the rooms above on the front of the building, was from E. Street. The rooms in the rear on the two upper floors were reached by an outside staircase, in the rear of the building, from M. Street. A then made a lease to B., in which the building was described only by its number on E. Street. *Held,* that the rooms in the rear in the upper stories were not included in the lease.

CONTRACT for money had and received. Writ dated August 30, 1884. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, in substance as follows:

On May 24, 1883, the defendant executed and delivered to the plaintiff a lease, for the term of one year from that date, of premises described as follows: " The building numbered sixty-three and sixty-five on Endicott Street in Boston."

At the time of the execution of the lease, the defendant was the owner of two adjoining parcels of land, which had been conveyed to him by separate deeds. One parcel was bounded westerly on Endicott Street nineteen feet, and was thirty feet deep, being bounded southerly on Morton Street. The second parcel was immediately in the rear of the first, and was bounded southerly on Morton Street twenty-two feet.

Before the conveyance of either parcel to the defendant, there had been erected upon them a brick building, three stories in height, a brick partition wall upon the dividing line between said two parcels extending from the cellar floor to the roof, without door, passageway, or other opening therein. That portion of the edifice to the west of the partition wall was numbered sixty-three and sixty-five in the numbering of the stores and doorways on Endicott Street, the store being numbered sixty-three, and the entrance to the upper part sixty-five, and that portion in the

rear to the east of the partition wall was numbered twenty-six Morton Street.

In 1880, the defendant removed all of said partition wall on the street floor, except about one foot thereof on each side, and placed an iron girder or beam across the ceiling of the store to support the partition wall above, thus making the entire ground floor into one room. At the same time the defendant broke an opening about five feet in width through the wall in the cellar of said edifice, leaving the sides of the said opening rough and un-finished. All the remainder of said wall is in the same condition it was in before said openings were made.

At the same time a stairway to the second floor east of the partition wall was made in the rear and outside of said building, in place of one formerly existing inside. Above said store there is not now, and never has been, any door, passageway, or other opening between that portion of said building to the east, and that to the west, of the partition wall.

The foregoing facts in relation to the existence of said par-tition wall, and the making of said openings therein, were known to the plaintiff before the execution of said lease.

The plaintiff entered into, and occupied during the term of said lease, the entire ground floor and cellar of said edifice, and all of the rooms above the ground floor upon the Endicott Street side of said partition wall, but did not occupy the rooms to the east of said partition wall; and the defendant collected from the tenants, they being tenants at will of the defendant at the time of the execution of the lease, in said easterly portion of said edi-fice, during the term of said lease, the sum of $156 as rent, they never having attorned to the plaintiff. This sum the defendant declined to pay over to the plaintiff upon demand, contending that the edifice was not one building, but was two buildings, and that the rear rooms above the street floor were not included in said lease.

If the court is of the opinion that the rooms above the first floor to the east of the partition wall are included in said lease, judgment is to be entered for the plaintiff for $156; otherwise, for the defendant.

*J. R. Murphy & C. W. Cushing*, for the plaintiff.

*C. F. Paige*, for the defendant.

FIELD, J. The description of the building let is brief and indefinite. It is a building on Endicott Street numbered sixty-three and sixty-five. No mention is made of Morton Street. When a building has a solid brick partition wall "extending from the cellar to the roof, without door, passageway, or other opening therein," the inference is unavoidable that it was so constructed that the different parts of the building might be separately occupied. Such a partition wall makes the structure two tenements for the purposes of occupation as distinctly as if they had not been built in one block and as parts of one structure. When a house or building is described in a lease by the numbers over the outside doors on a street, the inference is that a building is intended, access to which is had by these doors from that street. If the partition wall had remained intact, as there is no reference in the lease to any building on Morton Street, or to any number on that street, it could not be construed to include a building on Morton Street inaccessible from the building on Endicott Street. Although this wall was so far taken down in the first story as to make the whole floor on that story one room, accessible from Endicott Street, yet the separate character of the two parts above the first story for the purposes of occupation was maintained, so that the occupants of one part could not enter the other except by going wholly out of the building upon the street, and entering through outside doors, in the same manner as the public entered.

The principal purpose of the lease was to give to the lessee the occupation of the premises let, in the condition they were then in, for the term of one year; and the manner in which, by the construction, the different parts of the structure were intended to be occupied can properly be considered in construing the lease. We think the construction of the lease by the Superior Court, as applied to the subject matter and the facts, was correct.

*Judgment affirmed.*