DAVID OVANS & another *vs.* CASTRUCCIO G. CASTRUCCI.

Suffolk. January 10, 1929. — June 11, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Deed*, Construction. *Boundary*. *Words*, "More or less."

At the hearing of a suit in equity in which the plaintiff sought to compel the defendant to remove a house alleged to be partially on the plaintiff's land and to enjoin him from continuing to trespass, the following facts appeared: The plaintiff and the defendant owned adjoining parcels of land fronting on the same street, which previously had been owned by a common grantor, at which time each parcel had on it a house and the houses were separated by a fence. The house on the plaintiff's land was numbered 21 and 23; that on the defendant's was numbered 17. The plaintiff's parcel first was conveyed by a deed which purported to convey land and buildings numbered 21 and 23, and described the land as bounded northerly by the street "Seventy-five (75) feet," easterly by other land, southerly "Seventy-five (75) feet. . . . Containing 6000 square feet more or less be any or all measurements and contents more or less." The next year the adjoining lot was conveyed to the defendant by a deed describing it as bounded northerly by the street "about Fifty (50) feet," and southerly "about fifty (50) feet. Containing about 4750 square feet more or less be any or all measurements more or less." If the division fence were the boundary, the plaintiff's lot was sixty, and the defendant's was forty-five feet wide. After the defendant purchased his lot, he removed the division fence, replacing it on the same line with a new fence between the rear yards, and with a cement curb from a point opposite the rear of the plaintiff's house to the street. There were two conveyances of the plaintiff's lot before the conveyance to him. No predecessor in title of the plaintiff questioned that the location of the fence was the boundary line. The plaintiff caused a survey to be made, as a result of which he alleged that the building on the defendant's lot was on his land. There was no question as to the eastern boundary of the plaintiff's land. A final decree for the plaintiff was entered. The defendant appealed. *Held*, that

(1) The use of the words "more or less" indicated uncertainty as to the length of the northern and southern boundaries of both lots;

(2) The conduct of the parties preceding the time when the plaintiff acquired title indicated that the fence was treated by them as a monument;

(3) The deeds to the plaintiff and to his predecessors showed that

the only buildings intended to be conveyed to the plaintiff were numbers 21 and 23, and not 17 or any part of it;

(4) The decree was reversed and the bill was ordered dismissed.

BILL IN EQUITY, filed in the Superior Court on May 5, 1927, and afterwards amended, described in the opinion.

The suit was heard by *Weed*, J. Material facts found by him are stated in the opinion. From the final decree described in the opinion, the defendant appealed.

The case was argued at the bar in January, 1929, before *Rugg*, C.J., *Crosby, Carroll, Wait, & Sanderson*, JJ., and afterwards was submitted on briefs to all the Justices.

*J. A. Brickett & P. R. Johnson*, for the defendant, submitted a brief.

*E. A. Gorman*, for the plaintiffs.

CARROLL, J. This is a suit in equity to compel the defendant to remove his house from the plaintiffs' land, to enjoin the defendant from further trespassing on the plaintiffs' land, and asking that the plaintiffs be awarded damages. A final decree was entered that the plaintiffs owned in fee simple the land bounded "northerly on Pratt Street seventy-five (75) feet," together with the house numbered 21 and 23 Pratt Street, and also so much of the house numbered 17 Pratt Street, as lies "within said lot outlined in red on said plan," and restraining the defendant "from trespassing upon the land of the plaintiffs above described." The defendant appealed.

The judge found that the plaintiffs and the defendant owned adjoining parcels of land on Pratt Street, in that part of Boston known as Allston. On each lot there was a house, prior to 1920. The plaintiffs' house is numbered 21 and 23; the defendant's house is numbered 17. On September 1, 1920, John H. Lyons owned both tracts. On that day he conveyed the land now owned by the plaintiffs to Mary Volpe. She conveyed to Cappozzoli, who by deed dated May 28, 1926, conveyed to the plaintiffs. In each of the deeds the description is the same: "Northerly by Pratt Street, Seventy-five (75) feet. Easterly by land now or late of Clara G. Heald Eighty-eight and 88/100 (88.88) feet more or less. Southerly by land now or formerly of Hudson being

premises No. 16 Ashford Street, Seventy-five (75) feet. Westerly by other land now or formerly of Hudson Eighty-eight and 88/100 (88.88) feet more or less. Containing 6000 square feet more or less be any or all measurements and contents more or less." The defendant acquired his title from Lyons in June, 1921, the description being: "bounded and described as follows: Northerly by Pratt Street, about Fifty (50) feet. Easterly by land now or formerly of Gertrude Hudson about ninety-five (95) feet. Westerly by land now or formerly of Ralph Hamlin et al about ninety-five (95) feet. Southerly by land now or formerly of heirs of S. E. Hide about fifty (50) feet. Containing about 4750 square feet more or less be any or all measurements more or less."

In 1920, when Lyons conveyed to Volpe, the exterior bounds of the lot were marked by fences. "From a point opposite the front of the defendant's house, a division fence also ran back to the rear line of the plaintiffs' lot, leaving to the plaintiffs' house a lot sixty feet in width, and to the defendant's house a lot forty-five feet in width. The houses were located with clear reference to these lots of sixty and forty-five feet in width." After the defendant purchased the lot, he removed the division fence, replacing it on the same line with a new fence between the rear yards, and with a cement curb from a point opposite the rear of the plaintiffs' house to the street. No question was raised as to the defendant's title to the lot to the full width of forty-five feet, until after the plaintiffs had acquired title to the adjoining lot. From the survey and plan the judge found that a lot of the dimensions described in the plaintiffs' deed, includes "not merely the sixty-foot lot described above on which the house numbered 21/23 Pratt Street stands, but fifteen feet of the forty-five-foot lot on which the defendant's house stands, including in said fifteen feet a substantial part of the house numbered 17 Pratt Street." The defendant testified that he had lived on Pratt Street for more than fourteen years; that during this time there had been no changes in the physical appearances of the houses numbered 21 and 23 Pratt Street and 17 Pratt Street, or of the location of the boundary and division fences, with the exception of the

change which he made in the fence; that neither Volpe nor Cappozzoli raised any question as to the defendant's title or occupation of the lot to the full width of forty-five feet.

The judge found there was no question concerning the location of the Heald land, on which the plaintiffs' land bounded on the east; that Lyons in his conveyance to Volpe used the Heald land and Pratt Street as monuments. He found and ruled that the plaintiffs have established the allegations of their bill; that they own the strip of land fifteen feet wide including that part of the house numbered 17 Pratt Street lying within the same, now occupied by the defendant.

The judge also found that the defendant received his conveyance from Lyons in the "honest belief that thereby he acquired title to the whole of the house numbered 17 Pratt Street and of the forty-five-foot lot on which it stands, as defined by the fences . . . . On the other hand, the evidence makes it clear that a proper examination of the title of the premises which the defendant believed that he was buying from Lyons would have disclosed to him that Lyons had already parted with and no longer owned the fifteen-foot strip of the forty-five-foot lot which the defendant thought that he was acquiring."

When the parcel of land was conveyed by Lyons to Volpe in 1920, a house numbered 21 and 23 Pratt Street was standing on the premises, and a house numbered 17 was standing on the adjoining lot owned by Lyons. Separating these lots there was a division fence. The parcel conveyed to Volpe was described as "land and the buildings thereon situated on Pratt Street . . . the building now on the premises now numbered 21 and 23 on said street, bounded and described as follows." These words were followed by the statement of lengths of lines and area, the only boundaries mentioned being land of Clara G. Heald, which fixes the northeasterly corner, and the land numbered 16 Ashford Street, which fixes the southerly boundary. The concluding sentence of the description is this: "Containing 6000 square feet more or less be any or all measurements and contents more or less." This sentence imports into every length of line given in the description the words "more or less."

The words "more or less" in length of lines and in statement of area in a deed have a somewhat flexible meaning and indicate more or less uncertainty. *Noble* v. *Googins,* 99 Mass. 231. As to the meaning of the word "about" see *Freeman* v. *Hedrington,* 204 Mass. 238. In *Blaney* v. *Rice,* 20 Pick. 62, Bulfinch owned land on Charles Street and on George Street, Boston. He conveyed in January, 1807, a part of this land on Charles Street to Whitney, running back from Charles Street "85 feet, more or less." In 1810, Bulfinch conveyed to Joy land on George Street running back from George Street eighty feet. The deed to Joy referred to a plan made and recorded by Bulfinch subsequent to his deed to Whitney. Measuring the demandant's lot back from Charles Street toward George Street eighty-five feet, and the tenant's lot eighty feet from George Street, it was found there was a strip of land between the lots, which was the land in controversy. The demandant was the owner of the Whitney tract. It was held that the demandant could recover. In that case it was said (page 64) by Chief Justice Shaw: The "words 'more or less,' may be considered as having some meaning, so as not to fix the distance absolutely, though these words are often introduced without having practically any effect. The words of description, '85 feet more or less,' if there were nothing in other parts of the deed, or the subject to which it applies, to control or explain them, especially where the grant is of a parcel measured out of the grantor's own larger tract, would be equivalent to 85 feet absolutely. But the words 'more or less' may be considered equivalent to a suggestion, that either there is some monument, abuttal or line there, or as an intimation that one is intended to be placed there, to stand as the line intended, in place of the absolute admeasurement." In our opinion that decision is applicable here. When Lyons conveyed to Volpe there was a fence dividing the two lots, and an inspection of the premises would show that this was a monument standing "as the line intended, in place of the absolute admeasurement." *O'Connell* v. *Cox,* 179 Mass. 250, 253.

"The evidence in regard to the ancient fence and the conduct of the parties in occupation was sufficient to warrant

a finding that this fence was erected by agreement of the parties, at or about that time, as and for a monument contemplated by the deed." *Beckman* v. *Davidson,* 162 Mass. 347, 350. In the case at bar the conduct of the parties indicated that the fence between the plaintiffs' lot and that of the defendant when Lyons conveyed to Volpe was the boundary. *Dodd* v. *Witt,* 139 Mass. 63, 66. *Hooten* v. *Comerford,* 152 Mass. 591, 593. *Southborough* v. *Boston & Worcester Street Railway,* 250 Mass. 234, 239. In the construction of written instruments ". . . when the language is open to doubt, and parties whose interests are diverse have from the outset adopted and acted upon a particular construction, such construction will be of great weight with the court, and will usually be adopted by it." *Winchester* v. *Glazier,* 152 Mass. 316, 323. *Pittsfield & North Adams Railroad* v. *Boston & Albany Railroad,* 260 Mass. 390, 398. In 1920, the exterior boundary lines of the two lots in question were marked by fences. Neither Volpe nor Cappozzoli, the plaintiffs' predecessor in title, contended that his lot extended beyond the fence and never occupied any of the land beyond the fence. The land of both, as shown by their acts, was bounded by the fence, and when the defendant erected a new fence in place of the old one no objection was raised by the owner of the plaintiffs' tract. *Stone* v. *Clark,* 1 Met. 378. The conduct of the parties, therefore, shows that the fence was looked upon as the boundary and intended as a boundary between the two lots.

Furthermore, the deed from Lyons to Volpe mentions the land and buildings and describes the buildings as numbered 21 and 23 on Pratt Street. This was the number of the plaintiffs' building on Pratt Street; the defendant's building was numbered 17 on this street. The deed itself shows that the only building intended to be conveyed was the one building numbered 21 and 23 Pratt Street. There is nothing in the deed indicating that a part of the house numbered 17 Pratt Street was included in the conveyance. The curtilage conveyed was the enclosed space surrounding the building numbered 21 and 23 Pratt Street; see in this connection *Commonwealth* v. *Barney,* 10 Cush. 480. This would appear

to be the dominating part of the description. The lengths of the lines and the area are described by the conventional words of estimate and not of accuracy, but the one building is identified and made unmistakable by street numbers. It would contradict the words of the instrument to construe it as including a part of another house on the same street, bearing a different number.

It was not intended by the parties to the Volpe deed that it was to include a part of the dwelling house now occupied by the defendant. Every deed is to be so construed "as to give effect to the intent of the parties, unless inconsistent with some rule of law or repugnant to the terms of the grant." *Simonds* v. *Simonds*, 199 Mass. 552, 554. See *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15, 31; *Crocker* v. *Cotting*, 166 Mass. 183, 187.

In the opinion of a majority of the court the deed to Volpe did not entitle the grantee to seventy-five feet on Pratt Street. Considering all the facts, the conduct of the parties, the location of the fence, the language of the instrument, with its predominating purpose to convey the one building numbered 21 and 23 Pratt Street and no other building, the plaintiff cannot prevail.

*Decree reversed.*
*Final decree to be entered dismissing*
*the plaintiffs' bill with costs.*