## 1906 Corporation v. Taylor

*Wolf, Block, Schorr and Solis-Cohen,* for plaintiff.
*Lewis Weinstock* and *Charles L. Ford,* for defendant.

FLOOD, J., February 1, 1954.—

### Pleadings and Issues

This is a petition for declaratory judgment by the owner of real estate against a tenant of part of the premises for the purpose of determining what part of the premises respondent's lease covers.

Petitioner's property, formerly known as the Colonial Theatre, located at 5526-30 Germantown Avenue, Philadelphia, was acquired by it from Stanley Company of America on January 22, 1953.

The building consists of two store-fronts, known respectively as 5526 and 5528 Germantown Avenue, and a theatre lobby known as 5530 Germantown Avenue. Below each store is a basement and above each is a second and third floor. Above the theatre lobby is an upper floor which communicates with the third floor of 5526 and 5528 Germantown Avenue. Unlike the lower floors, the third floor is entirely without partitions.

In 1945, Stanley Company, then the owner, leased to respondent, "the store and basement of premises situate and known as 5526 Germantown Avenue, and the second and third floors of premises situate and known as 5526 and 5528 Germantown Avenue, being a part of the Colonial Theatre, Germantown, Philadelphia, Pennsylvania", for a 10-year term commencing September 1, 1946. Respondent took possession of the premises and from the time of the beginning of the lease used the third floor space over the theatre lobby for storage purposes. Demand has been made upon defendant to surrender possession of this space. Respondent has refused to do so, claiming that he is entitled to such possession under the terms of his lease. Respondent takes the position that at the time of the lease there was no physical barrier separating the third floor into parts, that the parties to the lease intended all of the third floor to be included and that respondent's use of the entire third floor has continued without interruption from November 1, 1946, until the present.

The issue, therefore, is whether under its lease respondent is entitled to the exclusive use and possession of the upper floor space above the theatre lobby.

### Findings of Fact

1. Petitioner is the owner of the property formerly known as the Colonial Theatre, located at 5526, 5528

and 5530 Germantown Avenue, Philadelphia, described as follows:

"Beginning at a point on the Southwest side of Germantown Avenue at the distance of thirty-seven feet, three inches southeastward from the Southeast side of Maplewood Avenue; thence extending south thirty-nine degrees, seventeen minutes, thirty seconds East seventy-five feet, five and one-half inches to a point; thence extending South forty-one degrees, fifty minutes, twenty-three seconds West two hundred and forty feet to a point; thence extending North forty-eight degrees, nine minutes, thirty-seven seconds West one hundred and six feet, nine and one-fourth inches to a point; thence extending South forty-one degrees, fifty-three minutes, forty-three seconds West one foot, eleven inches to a point; thence extending North forty-eight degrees, two minutes, forty-four seconds West fifty-seven feet, six and one-fourth inches to a point on the said Southeast side of Maplewood Avenue, which point is at the distance of four hundred forty-five feet, seven inches Northeast of Green Street; thence extending along the said Southeast side of Maplewood Avenue North forty-one degrees, fifty-seven minutes, sixteen seconds East seventy-four feet, two and one-half inches to a point, an angle, thence extending still along the Southeast side of Maplewood Avenue North sixty-one degrees, twenty-eight minutes, fifty seconds East eighty-seven feet, ten and three-fourths inches to a point; thence extending South thirty-nine degrees, seventeen minutes, thirty seconds East forty-four feet, five and one-fourth inches to a point; and thence extending North fifty degrees, forty-two minutes, thirty seconds East one hundred and four feet, six and one-half inches to a point on the Southwest side of said Germantown Avenue, the place of beginning.

2. Petitioner acquired title to this property by deed dated January 22, 1953, from Lillian Cohen to whom

the premises had been conveyed by Stanley Company of America by deed dated January 22, 1953. Stanley was the real owner of said property at all times relevant to this proceeding prior to the date of the acquisition of title by petitioner.

3. The property includes three numbered frontages on Germantown Avenue. During all times relevant to this proceeding and until February 1953, the Colonial Theatre occupied the portion of the property known as 5530 Germantown Avenue for its lobby and a separate, but connected, building on a larger area not part of the premises in question, at the rear fronting on Maplewood Avenue, for its auditorium. The remainder of the building in question fronting on Germantown Avenue is known as 5526 and 5528 and consists of two basements, two stores, a second floor and a third floor.

4. On or about April 7, 1945, Stanley Company entered into an agreement of lease with the respondent whereby Stanley leased to respondent "the store and basement of premises situate and known as 5526 Germantown Avenue, and the second and third floors of premises situate and known as 5526 and 5528 Germantown Avenue, being a part of the Colonial Theatre, Germantown, Philadelphia, Pennsylvania", for a 10-year term commencing September 1, 1946.

5. Respondent entered into possession of the demised premises pursuant to the provisions of the aforesaid lease, by taking possession of the first floor on September 1, 1946, and of the second and third floors on November 2, 1946.

6. In addition, respondent commenced using the third or upper floor space over 5530 Germantown Avenue for storage purposes about November, 1946. Respondent's use and possession of the part of the third floor over 5530 Germantown Avenue has continued without interruption to the present.

7. From 1945 to the present the third floor of premises 5526, 5528 and 5530 Germantown Avenue has extended over all of the numbered ground floors as one large room without any wall, partition, or physical line of demarcation separating one portion from another.

8. From 1945 to the present there have been walls between the two basements and also between the two first floor stores of the premises 5526 and 5528 Germantown Avenue. During this period there has been no wall on the second floor separating premises 5526 and 5528.

9. From 1945 to the present the only means of access to the third floor of premises 5526, 5528 and 5530 Germantown Avenue has been a stairway on the inside of premises 5526 which was leased to the respondent.

10. Nothing in the negotiations or actions of the parties indicates that petitioner's predecessor in title intended the lease to cover the portion of the third floor above the theatre lobby which is not covered by the express terms of the written lease.

11. Demand has been made upon respondent by Stanley Company, and since its acquisition of title, by petitioner, that respondent surrender and deliver up possession of the upper floor of premises 5530 Germantown Avenue.

### Discussion

This is a petition for a declaratory judgment under the Act of June 18, 1923, P. L. 840, 12 PS §831 et seq., to obtain a judicial construction of a written lease for a part of premises 5526, 5528 and 5530 Germantown Avenue, now owned by the petitioner. This lease, covering a 10-year period from January 1, 1946, was entered into by the previous owner, Stanley Company of America, as lessor, and respondent as lessee. Petitioner acquired title to the entire premises from Stanley Company on January 22, 1953.

The property of petitioner consists of an irregularly shaped piece of land with a 75-foot front on the west side of Germantown Avenue and a depth of about 200 feet. At the time the lease was executed, there were two buildings on the premises. The rear building was the Colonial Theatre auditorium which was not a part of the leased premises and has now been demolished. The front building consisted of two stores known respectively as 5526 and 5528 Germantown Avenue, together having a frontage of 38 feet, 2½ inches; and the theatre lobby to the north, known as 5530 Germantown Avenue, having a frontage of 37 feet 3 inches and serving as an entrance to the rear auditorium.

The store-front properties had basements and three stories. The theatre lobby was as high as two stories of the store properties and had a floor above it on a level with their third floors. On the third floor level no walls separated the three properties. As a result, the third floor level of the three properties is now physically one large room. The only means of access to this room is a stairway leading up from 5526. The physical structure of this building has not been altered in any relevant manner since 1946.

The essential question is whether or not the floor over the theatre lobby known as 5530 Germantown Avenue is included within respondent's lease. The pertinent description in the lease is as follows:

"The store and basement of premises situate and known as 5526 Germantown Avenue, and the second and third floors of premises situate and known as 5526 and 5528 Germantown Avenue, being a part of the Colonial Theatre, Germantown, Philadelphia, Pennsylvania."

It is to be noted that this lease, being for a 10-year period, is within the terms of the statute of frauds. We are thus confined to the written lease, unaided by

any statements of the parties at the time of the execution of the lease or otherwise, except to resolve ambiguities. Our first inquiry, therefore, is whether the description in the lease is ambiguous. When the lease expressly covers the second and third floors of 5526 and 5528 Germantown Avenue, without mentioning 5530, can we decide that it is ambiguous because it makes no mention of the upper portion of 5530? To answer this question in the affirmative strains the English language. Oral evidence must import any ambiguity that is found here. It does not exist within the four corners of the instrument.

Respondent contends that the parties intended to include in the lease the third floor area above the theatre lobby. He admits that the lobby itself, or ground floor, is known as 5530 Germantown Avenue. In effect, respondent would have us construe the "second and third floors of premises situate and known as 5526 and 5528" to mean the second floors of 5526 and 5528 and the third floor of 5526, 5528 and 5530. If the lease had read "third floor" in the singular, this would have been easier to do. The physical premises themselves might then impose an ambiguity upon what appears to be a very clear designation in the lease of only the specific portion above the stores numbered 5526 and 5528. At the time the lease was entered into, the third floor over all three of the numbered premises was one large room without partitions. It had been used as one unit, as a skating rink, by the prior tenant and its only means of access was a stairway on the inside of the premises 5526 which was included within the respondent's lease. But this physical condition is not, in our opinion, enough to change the plain meaning of the lease.

1. The lack of partition between 5528 and 5530, of itself, no more expands the premises leased than

would the lack of a physical boundary expand a lease of unimproved land.

2. The prior common use will not expand it, especially in the absence of any indication in the lease of the purpose for which the premises was leased. Unlike the prior lessee, the present tenant did not use the third floor for a purpose, like a roller skating rink, for which the third floors of 5526 and 5528 alone would be unsuitable. Nor was there any indication that the parties had any such purpose in mind. Apparently defendant has little material to store there and did not want the space. He took the third floor space merely because he could not get the rest of the building without it. In November 1946, he built shelves over 5530 and during part, at least, of the period he stored some material there, but there is little evidence that it was of any real use to him until petitioner wanted it.

3. Perhaps respondent's strongest reliance is upon the fact that the only entrance to any part of the third floor is through the premises leased to him and that without this entrance the floor over 5530 is useless. But the difficulty is that this is useless only in the present condition of the premises.

Under the evidence, it appears that neither party to the lease had much immediate use for that portion of the third floor. If defendant had wanted it, he could have asked that it be included in the specific terms of the written lease. He apparently did not, and we are of the opinion that he took the third floor as described in the lease only to get the second floor and basement of 5526 and 5528.

In short, we find no ambiguity in the lease as written, and nothing in the physical condition of the property which creates an ambiguity. We do not have two places of the same name. Nothing outside the instrument is necessary to define the premises leased. In

Philadelphia, we take judicial notice that street numbers have definite meanings and are used to describe buildings between vertical lines from cellar to roof. Under such circumstances, parol proof is not necessary to aid the description in the lease. A description by number in Philadelphia is not patently ambiguous: Lindsay v. Rose, 6 D. & C. 325 (1924). As we have pointed out above, the oral testimony discloses to us no latent ambiguity. Here we have no other description in the lease at variance with the street number as in La Couture v. Renaud, 325 Mass. 33 (1949). Here there was no statement of purpose and no necessity for the disputed part of the property for the beneficial enjoyment of the balance. (Cf. the dictum in Koplo and Koplo v. Ettenger, 84 Pa. Superior Ct. 358 1925).) While here there is no doubt that the disputed property was designed to be used with part of the demised premises by defendant's predecessor, that has little weight when defendant took the property for an entirely different purpose.

Defendant cites Houghton v. Moore, 141 Mass. 437 (1886), which held that a portion of the second floor was not covered by the lease because there was a partition and no common entrance. We cannot see how this affects the case before us. The situation was in certain respects the converse of what we have before us. Analogies drawn from converse situations are always dangerous. Without reciting all the facts set forth in the opinion in that case, we do not think they are close enough to be persuasive here. Defendant points to the statement by the court in that case that "when a house or building is described in a lease by the numbers over the outside doors on a street, the inference is that a building is intended, access to which is had by these doors from that street". But in that case the stairway leading to the second floor had a number of its own, different from the number of the

first floor store. If the stairway here had had a separate number, which was included in the lease, the argument might be more persuasive that it covered the whole third floor to which it gave access.

The testimony of Mr. Freedman, who represented A. M. Greenfield & Company, petitioner's predecessor's rental agent, is completely inconclusive as to what the parties intended as to the third floor, as is the testimony of defendant himself. Except for certain conclusions, which, so far as evidence shows, neither expressed to the other during the negotiations, there is no indication that Freedman intended to rent the third floor over 5530 to respondent. There is no indication of any purpose of Taylor's to be served by the use of the whole third floor. Even if we saw an ambiguity in the written lease, we doubt that such testimony would be sufficient to resolve the ambiguity.

It is to be noted that the lease upon its face provided that it should not be valid until approved by the owner. We have no evidence that the conversation between Freedman and Taylor, relied upon to expand the written terms of the lease, was brought home to the owner.

We conclude that that portion of the top floor of petitioner's building which lies above the old theatre lobby is not included in respondent's leasehold.

### Conclusions of Law

1. The lease contains a complete description of the leased premises by building numbers and covers only so much of the third floor of the building as lies directly over store premises 5526 and 5528 Germantown Avenue.

2. In applying the description in the lease to the premises, no latent ambiguity arises which permits the admissibility of parol testimony as to what property was intended to be covered by the lease.

*Decree Nisi*

And now, February 1, 1954, upon consideration of the foregoing case, it is hereby ordered, adjudged and decreed as follows:

1. Under and by virtue of the provisions of the written lease, considered in the light of the surrounding circumstances:

(a) No portion of premises known as 5530 Germantown Avenue, and particularly, no portion of the upper floor thereof, located over the former theatre lobby, is included within respondent's lease.

(b) Respondent is not entitled to the use or possession thereof.

(c) Petitioner is entitled to possession thereof.