Marvin H. Siegel vs. Terminal Realty Corporation. April 27, 1966. This is a bill in equity seeking the rescission of a lease entered into between the plaintiff and the defendant. A decree was entered dismissing the bill, from which the plaintiff appealed. The judge made voluntary findings of fact and the evidence is reported. Although the judge denominated his findings as a "Report of Material Facts, Rulings and Order for Decree" they do not appear to be a complete report of all the facts upon which he based his decree. Accordingly, the "entry of the decree imported a finding of every fact essential to sustain it and within the scope of the pleadings." *Birnbaum* v. *Pamoukis,* 301 Mass. 559, 561. The grounds on which the plaintiff bases his right to rescind are as follows: (1) An alleged discrepancy between the number of square feet designated on the floor plan of the lease and the area actually demised, and (2) numerous alleged defects and deficiencies in the condition of the premises, including improper heating, defective windows which caused drafts, a broken window which was unrepaired for three or four months, an in-

operative air conditioning unit, and a fire escape exit, access to which was blocked. Concerning the discrepancy as to area, the lease is ambiguous as to whether the figure appearing on the floor plan refers solely to the area actually occupied by the plaintiff or whether it takes into account other areas also represented on the plan. The method used in computing the area is also left to uncertainty by the lease. In these circumstances parol evidence was admissible. *Stoops* v. *Smith,* 100 Mass. 63. *LaCouture* v. *Renaud,* 325 Mass. 33. *National Paper & Cordage Co. Inc.* v. *Atlantic Carton Corp.* 332 Mass. 651, 653–654. On the basis of this evidence the judge could have found, and impliedly did find, that the plaintiff was given all the square footage that he was entitled to under the lease. As to the alleged constructive eviction, the judge found that the plaintiff failed to establish that the acts complained of satisfied the requirements of a constructive eviction. See *Stone* v. *Sullivan,* 300 Mass. 450, 455; *Charles E. Burt, Inc.* v. *Seven Grand Corp.* 340 Mass. 124, 127. The evidence on these issues was conflicting and we cannot say that the findings of the judge, express or implied, were plainly wrong, or that his rulings were tainted by error of law.

*Decree affirmed with costs of appeal.*

*George A. Brochu, Jr. (Marvin H. Siegel* with him) for the plaintiff.
*S. Myron Klarfeld (Harold I. Klarfeld* with him) for the defendant.