*Municipal Court of the City of Boston*

No. 196258

**ANNE L. BERGER** et al

**v.**

**FRED DOWNING**

Argued: Nov. 8, 1968    Decided: Nov. 18, 1968

*Present:* Adlow, C. J. Riley, Lewiton, J.J.
Case tried to *Gorassi, Sp. J.* in the Municipal
Court of the City of Boston    No. 196258.

*Adlow, C. J.*    Action of contract to recover
rent *paid in advance* of occupancy of an apartment from which the plaintiffs claim a constructive eviction.

On July 17, 1967 the plaintiffs signed a lease
with the defendant for an apartment which at
the time was occupied by another tenant. This
tenant vacated the apartment on September 1,

1967 and the plaintiff moved in on September 3, 1967. At the time the plaintiff moved into the apartment it contained uncovered electrical outlets: the bathroom contained no means of ventilation: there were cockroaches in the apartment: uncovered trash cans were in the hall-way: a window pane was cracked: the windows would not shut tightly, and the basement was filthy and had rat droppings on the floor. Because of these conditions the tenant moved out on September 8, 1967.

The court found the facts substantially as stated above, and ruled that there was a constructive eviction of the tenant. The lease signed by the tenant provided in part that (1) the lessee shall maintain the leased premises in a clean condition (2) the presence of vermin or other pests shall not constitute an eviction of the lessee, (3) that during this lease the lessee will keep the leased premises and all pipes, wire, glass, plumbing and other equipment and fixtures therein or used therewith repaired. In ruling that there was a constructive eviction the court stated:

"I find that there was a violation of The Sanitary Code of the Department of Public Health, Article II, Minimum Standards of Fitness for Human Habitation, Regulation 7, Lighting and Electrical Facilities, and Regulation 8, ventilation.", and found for the plaintiff. The defendant being aggrieved by the refusal of the court to rule that "The evidence

is insufficient to sustain a finding of constructive eviction'' brings this report.

On the findings of fact made by the court there was ample evidence to sustain a claim by the tenant that the signature to the lease and the payment of rent and security was obtained by fraud and misrepresentation, thereby entitling her to rescind the transaction and recover the money paid. *York* v. *Taylor,* 332 Mass. 368.

We are not impressed by the argument of the defendant that the rights of the plaintiff are limited by the provisions of the lease which represent her engagement with the defendant. Regardless of what provisions the lease may contain, the tenant is entitled to premises which meet all the standards prescribed by the Housing Code, G.L. c. 111, §§ 127, 127A, and it does not lie in the power of the parties to waive or ignore the standards prescribed by this Code. *New England Tel. & Tel. Co.* v. *Brockton,* 332 Mass. 662, 666. Such agreement is illegal and unenforceable. To enforce such an agreement is against public policy, and the right of the tenant to rescind is clear. *Coughlin* v. *Royal Indemnity Co.,* 244 Mass. 317, 319. *Rawlings* v. *General Trading Co.,* (1921) 1 K.B. (Eng.) 635, 645. See also 66 Law Quarterly Review, 154.

Granted that the condition of the apartment did not meet the minimal standards set by the Housing Code, and despite the fact that the evi-

dence and the findings of fact by the court justify the demands of the plaintiff for a rescission of the transaction, the form in which this cause reaches this court indicates that the

This case originally was entered in the Small Claims Division of the Municipal Court for Civil Business. The plaintiff's claim was there presented in a demand, without specification, for the return of $160.00. At the request of the defendant the case was transferred to the regular trial list of the Civil Division of the Municipal Court. Aside from the fact that a motion was presented and allowed to increase the ad damnum in the action to $500.00, no other amendment of the pleadings took place. As a result there is a finding for the plaintiff in the amount of $320.00 in an action where the plaintiff seeks to recover only $160.00. Added to this the court has found for the plaintiff on the basis of a constructive eviction. Strictly speaking whatever rights the plaintiff had against the defendant for the money wrongfully obtained from her rested on more substantial grounds than constructive eviction. Unfortunately the parties proceeded with the cause oblivious to the absence of proper pleadings. While the evidence is more than ample to support a finding in the amount demanded, the interest of justice will be better served by vacating the finding for the plaintiff and ordering a new trial based on proper pleadings.

Finding for the plaintiff vacated. New trial ordered.

Evan T. Lawson of Brighton for the plaintiff as to "constructive eviction" cited:

*Westland Housing Corp.* v. *Scott,* 312 Mass. 375 (A leading case). *Shindler* v. *Milden,* 282 Mass. 32. *Rome* v. *Johnson,* 274 Mass. 444 (Failure to provide heat). *Conroy* v. *Toomay,* 234 Mass. 384 (Failure to heat). *Water Boston Veterinary Hospital* v. *Kiley,* 219 Mass. 533 (failure to heat). *McCall* v. *New York L. Ins. Co.,* 201 Mass. 223 (Failure to provide adequate elevator service in office building. A leading case). *Skally* v. *Shute,* 132 Mass. 367 (Stink from open cesspool and undermining of building). BUT SEE: *Hopkins* v. *Murphy,* 233 Mass. 476 (Not eviction from mere presence of cockroaches two years after tenant moved into building when it was then new).

Herbert S. Lerman of Boston for the Defendant as to "constructive eviction" cited: *Siegel* v. *Terminal Realty Corp.,* 350 Mass. 779 (Deficiencies and defects, improper heating, defective windows, inoperative air-conditioning unit and blocked fire escape were not "constructive eviction").*Stone* v. *Sullivan,*300 Mass. 450 (Water leaks through tops of windows. No eviction). *Longwood Towers Corp.* v. *Doyle,* 267 Mass. 368 (Too much or too little heat in winter. Toilet constantly out-of-order with back-flush and smell. Rodents, mice, vermin, cockroaches and lice. Garbage disposal fre-

quently blocked. No eviction). *Hopkins* v. *Murphy*, 233 Mass. 476 (Presence of vermin and other pests. No eviction). He also cited *Fifty Associates* v. *Berger Dry Goods Co.*, 275 Mass. 509 to the effect that *caveat emptor* applies to condition of hired premises. This case involved a place to be used for business and was decided before G.L. c. 111, §§ 174, 174A.