Spurlock, Charles T., J.

Findings of Fact

The plaintiff, Burns & Levinson, LLP (“B&L”), is a law firm operating as a limited liability partnership, with a usual place of business in Boston. The defendant, T&D Video, Inc. (“T&D”), is a corporation with a usual place of business in Revere. H. Glenn Alberich (“Alberich”), formerly a partner at LeBoeuf, Lamb, Greene & MacRae, LLP (“LeBoeuf Lamb”), is currently a partner at B&L. The owners of T&D are Ted Drabkowski (“Drabkowski”), and Del Paone (“Paone”).
Alberich first became involved with Drabkowski in connection with a store that Drabkowski owned in Salem, New Hampshire in or around 1990 or 1991. Alberich provided advisory services to Drabkowski, who was already represented by other counsel. Alberich did not bill Drabkowski for his services at this time. In or around 1991 or 1992, while a partner at LeBoeuf Lamb, Alberich represented Drabkowski in connection with a First Amendment/zoning action against the City of Lawrence. There was no written fee arrangement for Alberich’s representation. Drabkowski was successful in this action in obtaining a preliminary injunction, and subsequently the case settled. During Alberich’s representation of Drabkowski in the City of Lawrence action, Drabkowski paid only minimal court costs, and Alberich obtained his compensation for attorneys fees from the City.
In 1994, Alberich filed suit for T&D against the City of Revere. Once again, no written fee agreement or retainer letter was created. T&D was successful in obtaining a preliminary injunction against the City of Revere, which prohibited the City from enforcing an ordinance which would prevent T&D’s business from operating. The City of Revere refused to settle the case, resulting in a lengthy discovery process. Another attempt at settlement was refused after T&D’s motion for summary judgment was denied.
The action against the City of Revere was ultimately tried in 2002. T&D was successful, and the City of Revere was permanently enjoined from enforcing the ordinance, as well as a second similar ordinance it had passed while the litigation was pending. T&D filed a fee petition with the trial court in 2003. Alberich left LeBoeuf Lamb a few weeks prior to the hearing on the fee petition, and joined B&L.
With regard to payment, Drabkowski and T&D had never been required to pay Alberich legal fees as they came due over the span of several years that Alberich had represented them in multiple actions. During 1994 and 1995, in the early stages of the action against the City of Revere, Alberich had faced pressure from his partners at LeBoeuf Lamb to obtain some payment from T&D on his outstanding legal fees. In December of 1994 and again 1995, Alberich approached Drabkowski and Paone and warned that he would have to withdraw from representing them if he did not receive some payment. In both circumstances, T&D paid Alberich money, although not the total due, by year’s end. T&D did not make another payment to Alberich until February 2002, when they paid him $26,000.00 prior to the scheduled trial date. T&D also paid Alberich $8,500.00 in August 2002, prior to the actual trial date. These payments reflected approximately 3.59% of the outstanding balance owed to Alberich at the time.
After moving to B&L, Alberich sent a letter to T&D to inquire whether T&D would remain a client of LeBoeuf Lamb, or would prefer to extend their relationship with Alberich at B&L. T&D chose to remain with Alberich and became a client of B&L. The letter did not contain any information concerning a change to any existing fee arrangement that existed at the time.
In July 2003, T&D was unsuccessful in a fee petition, and the court took the case under advisement after a one-day evidentiary hearing in November 2003. Towards the end of the year, Alberich’s partners at B&L began to press him to obtain payment from T&D. Alberich contacted T&D and asked them to make payments as he was under pressure from his partners. T&D paid half of the mediator’s bill, amounting to approximately $2,000.00, in September 2003. Alberich continued to press T&D, threatening to withdraw from representing them and not show up for a court date if he did not receive payment of $11,797.00 that he had billed several months earlier. T&D made the payment of $11,797.00 in October 2003.
As the pressure on Alberich continued from his partners regarding the outstanding bills, Alberich again threatened to withdraw from representation if T&D did not pay at least $25,000.00 by December 31, 2003. T&D was only able to pay $5,000.00 at this time, making this payment on December 3. Alberich continued to press T&D for further payments into early2004, but was unsuccessful in obtaining such payments. Alberich responded by demanding a change to a fee agreement pursuant to which T&D would pay its bills within 30 days of receipt.
T&D was successful in obtaining an award for attorneys fees in its action against the City of Revere in February 2004. The Court held that the fees were “unnecessary” and “duplicative,” however, and awarded $868,000.00 of the $1,093,626 sought. The City of Revere appealed this decision which is still pending, and T&D also intends to bring additional fee petitions to recover further attorneys fees for payment to B&L.
The current dispute is in regard to legal services provided by Alberich to T&D between May 1, 2003 and *272 March 10, 2004. B&L seeks payment of $79,985.07 it alleges it is owed for such services. T&D has terminated its relationship with Alberich and returned to Lefbouf Lamb. T&D argues that the parties never agreed to the type of fee arrangement that B&L seeks to collect payment on, and disputes the amount of legal fees owed as well. T&D believes that its fee agreement with Alberich had been an arrangement in which it would pay Alberich in full for his fees at the end of a case, presumably through an award from the court for legal fees. T&D also agreed to provide Alberich with certain small payments from time to time to appease the partners placing pressure on Alberich to obtain some payment from his client.

Rulings of Law Timing of Payment

While Alberich has represented T&D in multiple actions since 1991 or 1992, there was no formal written fee arrangement. Thus there was no express agreement as to when T&D would pay the bills. The Supreme Judicial Court, in analyzing cases involving missing terms in written agreements, has stated that “ ‘[i]n the construction of written instruments’ . . . when the language is open to doubt, and parties whose interests are diverse have from the outset adopted and acted upon a particular construction, such construction will be of great weight with the court, and will usually be adopted by it.” Maxwell-Davis, Inc. v. Hooper, 317 Mass. 149, 152 (1944), citing Ovans v. Castrucci, 267 Mass. 600, 605 (1929). In Martino v. First Nat’l Bank of Boston, in determining the validity of a contract which contained a blank signature line, creating a dispute as to its proper enforcement, the SJC stated that “(t]here is no surer way to find out what parties meant, than to see what they have done.” 361 Mass. 325, 332 (1972), quoting Pittsfield & North Adams R.R. v. Boston & Albany R.R., 260 Mass. 390, 398 (1927). The Restatement (Second) of Contracts has also emphasized the consideration of the course of performance of the parties in construing an agreement, stating:
■Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.
Restatement (Second) of Contracts, §202(4), (1981).
In this case, the evidence demonstrates that T&D never paid its bills within 30 days as Alberich demanded after being pressured by his partners at B&L. The course of performance is even more relevant here where, unlike the cases discussed above, there was no written agreement as to the fee arrangement. For an approximate seven-year period, from 1995 until 2002, T&D did not make any payments to Alberich at all. Beyond a few scattered payments made when Alberich had increased the pressure and threatened to withdraw from representing T&D, the course of conduct was that Alberich’s legal fees would be paid upon the resolution of the action in which T&D was involved. Clearly, Alberich had accepted and acquiesced to such an arrangement.
This course of performance did not change when Alberich moved to B&L. He did not inform T&D of any changes that he would require to continue representing them, such as a more concrete fee arrangement. Such information may have had a significant impact on T&D’s decision to move with Alberich to B&L, rather than remaining at LeBoeuf.
Focusing on the payments actually in dispute in this action, B&L seeks payment for legal fees beginning in May of2003. Subsequent to that date, Alberich was able to obtain a payment of $2,000.00, and another later in the year for $11,797.00. These payments were made by T&D in response to Alberich’s threats based on increasing pressure from his partners. However, the second payment was not made until October. Thus, B&L can not establish that the course of performance had changed, and claim that monthly payments were the agreed-upon arrangement of legal fees, immediately after Alberich began with B&L. The City of Revere’s appeal of the award of legal fees to T&D is still pending, and T&D is warranted in its argument that the final resolution of this dispute is the appropriate juncture at which to satisfy the attorneys fees. This would be the same situation as in the City of Lawrence case where Alberich’s legal fees were paid upon the settlement of the dispute.
Accordingly, this court finds that T&D is not required to make immediate payment to B&L for services rendered between May 1, 2003 and March 10, 2004. Such payments will be due upon the resolution of the action between T&D and the City of Revere, including the appeals and fee petitions.

Amount of Payment

T&D disputes the reasonableness of the fees sought by B&L for its services between May 1, 2003 and March 10,2004. T&D argues that the $79,985.07 does not constitute fair and reasonable compensation for services rendered, and that it constitutes excessive billing for a one-day mediation and a one-day hearing on the fee petition that occurred within the applicable time period.
“The question of what is fair and reasonable compensation for legal services rendered is one of fact for a trial judge to decide.” Mulhern v. Roach, 398 Mass. 18, 23 (1986), citing First Nat’l Bank v. Brink, 372 Mass. 257, 263-64 (1977). “The party seeking attorneys fees bears the burden of showing that the amount sought is reasonable.” WHTR Real Estate, Ltd. Partnership v. Venture Distributing, Inc., 63 Mass.App.Ct. 229, 235 (2005), citing Stowe v. Bologna, 417 Mass. 199, 204 (1994). The determination of the reasonableness of the attorneys fees sought by B&L is to be addressed *273 upon the final resolution of the action between T&D and the City of Revere. At that time, B&L can submit an affidavit in support of the fees sought, and the court can make an appropriate determination as to a reasonable amount.

ORDER

For the reasons stated above, it is hereby ORDERED that T&D is not required to make immediate payment to B&L for services rendered between May 1, 2003 and March 10, 2004. Such payments will be due upon the resolution of the action between T&D and the Ciiy of Revere, including the appeals and fee petitions. The final bill owed to B&L by T&D will be determined at that time unless prior to that time, the parties resolve the issue themselves.